UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**DAVID LEE ASHBY, Jr.**                                                                   **PLAINTIFF**

v.                                                  **CIVIL ACTION NO. 5:18-CV-P48-TBR**

**LOUISVILLE METRO CORRECTIONS MEDICAL et al.**         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff David Lee Ashby, Jr., *pro se*, initiated this *in forma pauperis* action by filing a 42 U.S.C. § 1983 complaint. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, some claims will be dismissed, some claims will be allowed to proceed, and Plaintiff will be allowed to amend his complaint.

## I. STATEMENT OF CLAIMS

Plaintiff names as Defendants Louisville Metro Department of Corrections (LMDC) "medical"; Fulton County "medical"; nurse practitioner Mrs. Metts at Roederer Correctional Complex (RCC); RCC "medical"; and the Kentucky Department of Corrections (KDOC). He alleges that he was locked up as a pretrial detainee at LMDC on May 31, 2017, at which time he told the medical team that he had a hernia. He states that the only treatment he received was an antibiotic, "which is not something to help a hernia." He further states that when he finally saw a doctor "they shipped me a week later to Fulton County Jail" on September 24, 2017.

Plaintiff alleges that at Fulton County Jail he "begged and finally got to see a doctor on 10-22-17. He wanted to send me for surgery that day and Fulton County said they would not pay for it." Plaintiff next alleges that he was then sent to RCC where he informed the intake nurse

that he needed surgery.  According to the complaint, the nurse told him that "protocol was I see a doctor in 14 days."  He states that he did not see a nurse practitioner until November 15, 2017, "at which time she [Defendant Metts] told me she scheduled me to see a surgeon."  According to Plaintiff, the surgeon told him that he needed surgery.  However, Plaintiff states that Defendant Metts told him that "protocol was that she couldn't schedule me for surgery due to my release date."  Plaintiff alleges that he called "public advocacy so the State of Kentucky has been aware of this problem since May."  Plaintiff states that he still has not had surgery, which, he alleges, causes him pain and is cruel and unusual punishment.

Attached to his complaint are several documents, including a document from Defendant Metts assessing Plaintiff with, among other things, a unilateral inguinal hernia without obstruction or gangrene.

As relief, Plaintiff asks for monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id*. at 327.  When determining whether Plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true.  *Prater v. City of Burnside,*

*Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe pro se pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### ***Defendant LMDC Medical***

Plaintiff does not name specific individuals at LMDC who allegedly infringed upon his constitutional rights; instead he sues the LMDC medical staff in their official capacities. Naming as Defendants the LMDC medical staff, employees of the Louisville Metro Government, in their official capacities is the same as suing the Louisville Metro Government itself. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff's official-capacity claims against Defendant LMDC medical staff are actually brought against the Louisville Metro Government government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis*

v. *Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Plaintiff has not alleged a policy with regard to LMDC; thus, the claim against LMDC Medical, which is really a claim against the Louisville Metro Government, cannot go forward. Plaintiff will be given the opportunity to amend his complaint to name individuals at LMDC in their individual capacities who allegedly violated his rights.

### *Defendant Fulton County Medical*

As explained above, Plaintiff's suit against Defendant Fulton County Medical in its official capacity is actually a suit against Fulton County. He does allege a policy of Fulton County not to pay for his surgery, and the Court will allow the claim against Fulton County to

proceed. Additionally, Plaintiff will be allowed to amend his complaint to name individuals at Fulton County in their individual capacities who allegedly violated his rights.

### *Defendants RCC Medical and KDOC*

Both RCC and KDOC are state agencies. Neither RCC medical nor KDOC are "persons" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. at 71. Therefore, because neither RCC medical nor KDOC is a "person" for purposes of § 1983, the Court will dismiss the claims against them for failure to state a claim upon which relief may be granted.

Additionally, the Eleventh Amendment acts as a bar to all claims for relief against RCC and KDOC. A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984). In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (per curiam). Accordingly, the Court also will dismiss all claims against RCC Medical and KDOC for seeking monetary relief from Defendants who are immune from such relief, as well.

### *Defendant Metts*

Plaintiff does not specify in what capacity(ies) he is suing Defendant Metts. He will be given an opportunity to amend his complaint to name Defendant Metts in her individual capacity.

## III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims against LMDC Medical, RCC Medical, and the KDOC are **DISMISSED** for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1), and for RCC Medical and KDOC for seeking monetary relief from Defendants who are immune from such relief pursuant to 28 U.S.C. § 1915A(b)(2).

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may amend the complaint to name individuals at LMDC and Fulton County Jail whom he alleges are responsible for violating his rights, as well as to name Defendant Metts in her individual capacity**. The Clerk of Court is **DIRECTED** to place the case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he wish to amend the complaint.

After the time for amendment has passed, the Court will enter a separate Order for service and to govern the development of the ongoing claims.

Date:

cc: Plaintiff, *pro se*
Defendants
Jefferson County Attorney
Fulton County Attorney
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.009