UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO.: 5:18-cv-00048-TBR

DAVID LEE ASHBY, JR                                              PLAINTIFF

v.

LOUISVILLE METRO CORRECTIONS
MEDICAL, et. al.                                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon *pro se* plaintiff, David Ashby's ("Ashby") Motion for Extension of Time to Comply with Scheduling Order. [DN 43.] Defendant Fulton County Kentucky Medical ("Defendant") has responded. [DN 46.] The time to reply has passed. As such, this matter is ripe for adjudication. For the reasons that follow, Ashby's Motion for Extension of Time [DN 43] is **DENIED**.

**I. Background**

A scheduling order was entered in this case on February 15, 2019. [DN 21.] All discovery was due by June 28, 2019. Ashby filed the present motion asking the Court to amend the scheduling order.

**II. Legal Standard**

Pursuant to Fed. R. Civ. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." The "good cause" standard in this context has been construed as requiring an inquiry into "the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). An additional "consideration is possible prejudice to the party opposing the modification." *Id.* As the

Sixth Circuit has noted, "while prejudice to the defendant is not an express component of Rule 16, it is nonetheless a 'relevant consideration.'" *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). Thus, "a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. (quoting Fed. R. Civ. P. 16, 1983 advisory committee's notes). "[T]he movant who fails to show good cause will not be accorded relief under Rule 16(4) merely because the opposing party will not suffer substantial prejudice as a result of the modification of the scheduling order." *Durand v. Hanover In.s Grp.,* 294 F. Supp. 3d 659, 671 (W.D. Ky. 2018).

*Pro se* litigants are given some leniency on issues that "require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case." *Hammond v. Lawson,* 2011 U.S. Dist. LEXIS 83038 *3-4 (W.D. Ky. July 27, 2011) (citing *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991)). "Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110).

### III. Discussion

Ashby's main argument for extending time is he did not receive a copy of the scheduling order until August 6, 2019 after he requested a copy. Ashby filed a letter with this Court requesting the scheduling order be sent to him on July 29, 2019. [DN 40.] Defendant argues Ashby cannot show good cause to extend the deadline. The Court agrees with Defendant.

In the five months between the entry of the scheduling order and Ashby requesting a copy of the scheduling order, Ashby filed five motions/documents with the Court. [DNs 28, 29, 34, 35,

2

36.] During this time, Ashby did not file for an extension to comply with the schedule or inquire about the schedule. Even if Ashby did not receive the scheduling order when it was entered, the Court agrees with Defendant that Ashby could have been more diligent in asking for the scheduling order.

Defendant argues even if Ashby did not receive the scheduling order until August, he was aware of the discovery deadline. Defendant included the discovery deadline in its Response to Ashby's Motion for Extension of Time to Respond to Discovery. [DN 30.] In that response, Defendant stated, "[t]he discovery deadline is currently June 28, 2019." [*Id.*] Ashby did receive that response because he filed a Motion for Extension of Time to Reply. [DN 34.] Defendant filed that response on May 14, 2019. Ashby still waited nearly two months to request the scheduling order. When Ashby received the response that included the discovery deadline, he should have requested the scheduling order at that point. It cannot be said that Ashby acted with diligence to comply with the order.

Ashby also argues he did not receive medical records until July 26, 2019 and he has not received medical records from Roeder Correctional Complex Medical he paid for on December 14, 2018. Assuming both statements are true, the Court recognizes Ashby did not have control over when the records were sent to him. However, Ashby has not shown any attempts, other than the initial request, to obtain the requested documents. He never communicated to the Court he was having difficulty obtaining records until the present motion. Furthermore, Ashby not receiving some medical records prior to the deadline did not hinder his ability to serve at least some discovery requests on Defendant. Again, Ashby never moved this Court for an extension of time due to the inability to receive the records he requested. The Court cannot say Ashby has acted diligently in pursuing discovery.

Further evidence of the lack of diligence by Ashby is the date he served discovery on Defendant. By Ashby's own admission, he served interrogatories on Defendant on July 25, 2019. This is a month after the discovery deadline had passed. Ashby serving interrogatories on Defendant the day before he received medical records is further proof that his ability to conduct discovery was not hindered due to this reason. Defendant served discovery on Ashby on March 25, 2019. [DN 30.] Ashby was aware at this point that discovery was taking place but did not attempt to conduct his own discovery until four months later. The Court finds Ashby has not shown good cause for all the above stated reasons.

Ashby did not file for an extension until the discovery deadline had passed. This Court has found prejudice would occur when plaintiff moved for an extension the day before a deadline. *See Strulson v. Chegg, Inc.,* 2017 U.S. Dist. LEXIS 159594 *4 (W.D. Ky. Sept. 28, 2017) ("To grant Strulson another month to conduct discovery on the eve of this deadline could drastically alter this case's schedule….[T]he Court is certain that much work has been put into future filings and [an extension] could create a domino effect in which large scale changes must be made". Here, the deadline for dispositive motions was August 27, 2019. [DN 21.] Ashby filed this motion August 12, 2019. This was only two weeks before the deadline for dispositive motions and Defendant would be prejudiced because of the work put into its dispositive motion at the point. Due to the prejudice an extension would cause, Ashby's motion must be denied.

### IV. Conclusion

Ashby has failed to show that the scheduling order entered by this Court could not have been met with reasonable diligence. Further, the Court finds that Defendant would be prejudiced if the discovery deadline was extended. For the above stated reasons, **IT IS HEREBY ORDERED**

that Ashby's Motion for Extension of Time to Comply with Scheduling Order [DN 43] is **DENIED**.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

February 13, 2020

cc: David Lee Ashby, Jr.
　268921
　Wabash Valley Correctional Facility
　P.O. Box 1111
　Carlisle, IN 47838-1111
　PRO SE