UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO.: 5:18-cv-00048-TBR

DAVID LEE ASHBY, JR                                                  PLAINTIFF

v.

LOUISVILLE METRO CORRECTIONS
MEDICAL, et. al.                                                     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon defendant Fulton County Kentucky Medical's ("Defendant") Motion for Summary Judgment. [DN 49.] Plaintiff, David Ashby ("Ashby") has not responded. As such, this matter is ripe for adjudication. For the reasons that follow, Defendants' Motion for Summary Judgment is **GRANTED.**

**I. Background**

Ashby filed this case on March 30, 2018. [DN 1.] He filed an amended complaint against Defendant on February 15, 2019. [DN 20.] Ashby alleges Defendant violated his Eighth Amendment right was violated when Defendant denied a medical procedure due to Ashby's approaching transfer. [DN 20.]

**II. Legal Standard**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matshushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonable find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). The plaintiff may accomplish this by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence…of a genuine dispute…" Fed. R. Civ. P. 56(c)(1). Mere speculation will not suffice to defeat a motion for summary judgment, "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Sys. Corp.,* 90 F.3d 1173, 1177 (6th Cir. 1996).

### III. Discussion

**A. Exhaustion**

Defendant first argues Ashby has not properly exhausted all available administrative remedies. Defendant, however, has not met its burden.

The Prison Litigation Reform Act ("PLRA") bars a civil rights action challenging prison conditions until the prisoner exhausts "such administrative remedies as are available." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law.

2

*Jones*, 549 U.S. at 218-19. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). However, "failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants." *Napier v. Laurel Cty. Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing Jones, 549 U.S. at 204).

The Fulton County Detention Center ("FCDC") has an outlined process for filing grievances. Grievances must be in writing and addressed to the Grievance Officer. [DN 49-3 at PageID 326.] Appeals are to be made to the Jailer after the Grievance Officer has responded. [*Id.* at PageID 327.] Appeals "can be made at any time but should be immediately made upon the initial answer by the Grievance Officer." [*Id.*] Defendant cites to Ashby's deposition to support its position that Ashby did not file a grievance. [DN 49-1 at 5.] However, Defendant has not submitted Ashby's deposition on the record. As previously stated, the burden is on Defendant to establish this affirmative defense. The bare assertion in Defendant's motion that Ashby did not file a grievance is not enough to establish this defense. Therefore, Defendant has not met its burden.

**B.** *De minimis* **injury**

Defendant argues even if Ashby exhausted his administrative remedies, the injury he sustained was *de minimis*—and therefore not actionable. The Court agrees with Defendant.

The PLRA states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). To bring a successful claim the PLRA requires a showing of physical injury that is more than *de minimis*. *Flanory v. Bonn,* 604 F.3d 249, 254 (6th Cir. 2010); *Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir.2003); *compare Armer v. Marshall,* No. 5:09-CV-00086, 2011 WL 2580359, at *7, (W.D. KY June 28,

2011) (stating that dislodging one's knee from the socket would undoubtedly be more than a de minimis injury).

Here, Defendant argues Ashby only complained of pain related to his pre-existing hernia. Ashby, in his amended complaint, also alleged he had to have an additional surgery for kidney stones due to the delay in receiving the surgery. [DN 20 at PageID 87.] However, Ashby provides no evidence regarding his kidney stones. There is no evidence on the record showing Ashby suffered from kidney stones as a result of the delay in receiving surgery. Without that evidence, Ashby has only shown proof of pain from his hernia.

Defendant argues aggravation of a pre-existing condition is a *de minimis* injury. The Court in *Christensen v. U.S.* No. 5:14-134-DCR, 2-15 WL 1914337, *4 (E.D. Ky. Apr. 27, 2015) stated, "the temporary aggravation of a pre-existing condition is considered a *de minimis* injury." Ashby complained of continued pain in his abdomen during his time in the FCDC. [DN 20 at PageID 86.] Ashby had experienced pain relating to this hernia prior to his incarceration at Louisville Metro Corrections on May 31, 2017. [DN 1 at PageID 5.] Therefore, this was clearly a pre-existing condition. Ashby does not provide medical records from his time at FCDC. There is no indication of Ashby experiencing anything other than the pain he had already experienced while an inmate at FCDC. Ashby has not met his burden that he experienced more than a *de minimis* injury. Therefore, Ashby cannot meet the requirements of the PLRA and his claim must be dismissed.

**C. Ashby's Claims Fail as a Matter of Law**

Defendant argues Ashby's claim based on the Eighth Amendment fails as a matter of law. The Court agrees.

Ashby alleges Defendant "violated my constitutionally protected Eighth Amendment right to be free from cruel and unusual punishment." [DN 20 at PageID 85.] When he filed this suit, he

was a pretrial detainee. [DN 1 at PageID 1.] "The Eighth Amendment does not apply to pretrial detainees." *Watkins v. City of Battle Creek,* 273 F.3d 682, 685 (6th Cir. 2001). Therefore, Ashby is not entitled to relief under the Eighth Amendment. However, the Fourteenth Amendment does provide pretrial detainees "a right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners." *Id.* at 685-686.

"To sustain a cause of action under § 1983 for failure to provide medical treatment, plaintiff must establish that the defendant acted with deliberate indifference to serious medical needs." *Id.* at 686 (internal quotations omitted). Ashby must show the "medical need at issue is sufficiently serious" and evidence must show a "sufficiently culpable state of mind" by Defendant. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Sufficiently serious medical conditions exist where the conditions pose a "substantial risk of serious harm." *Id.* A medical need is sufficiently serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo Cty.,* 390 F.3d 890, 897 (6th Cir. 2004). "Where it is apparent that delay would detrimentally exacerbate the medical problem", a constitutional claim has been met. *Id.* "[A]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Id.* at 898 (quoting *Napier v. Madison County,* 238 F.3d 739, 742 (6th Cir. 2001).

Here, Ashby alleges Defendant violated his rights by not providing him treatment for his hernia prior to discharge. Defendant argues Ashby has not shown his medical needs were sufficiently serious. Ashby has provided some medical records from his time at Roederer Correctional Complex ("RCC"). [DN 50.] However, none of these records state surgery was

5

mandated by a physician or characterize his need as emergent. On the other hand, Defendant has provided medical records from Ashby's surgery consult at Baptist Health Floyd that states, "this is purely [an] elective procedure." [DN 49-5 at PageID 336.] Ashby's medical needs were not so obvious that a lay person would recognize a need for treatment. Based on the record, there is no dispute that treatment was not mandated and that there was no risk of serious harm. Further, Ashby states the delay in treatment led to him needing surgery for kidney stones. As previously stated, surgery for the hernia was labeled as elective. There is no evidence the delay caused the kidney stones or some other detrimental effect or even had the potential to cause such harm.

Ashby also has not set forth evidence indicating a culpable mind. Ashby must show Defendant was "aware of [his] obvious and serious need for medical treatment" and disregarded it. *Id.* at 899. In his amended complaint, Ashby states, "the nurse said I should have surgery right away but that there was not enough staff present and that I was to be released…on Wednesday". [DN 20 at PageID 86.] Again, Ashby provides no evidence of anyone stating he needed immediate medical treatment. His bare assertion in his Complaint is not enough to meet his burden. The Court finds Ashby has not put forth evidence supporting his claim against Defendant. Therefore, his claim must be dismissed.

**D.** *Monell* **Immunity**

Defendant states claims against either Fulton County Medical or Fulton County must be dismissed because neither are entities subject to suit. This Court already held the claim would proceed as a claim against Fulton County and would allow Ashby to amend his complaint to name individuals who allegedly violated his rights. [DN 14 at 4-5.] However, Ashby still has not named anyone from FCDC.

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. The plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), overruled on other grounds by *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." Searcy, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Ashby has alleged Defendant's policy not to provide surgery to inmates scheduled to be discharged resulted in a violation of his constitutional rights. This Court has already found that Ashby has not provided evidence of a constitutional violation. Ashby therefore cannot successfully argue this policy resulted in any violation.

Defendant argues even if Ashby could establish a constitutional violation, he cannot prove that "the actions or inactions of Fulton County were pursuant to a policy or custom attributable to Fulton County." [DN 49-1 at 10.] "[P]olicy generally implies a course of action consciously chosen from among various alternatives". *Oklahoma City v. Tuttle,* 471 U.S. 808, 823 (1985). Plaintiff must prove "that the policymakers deliberately chose a [policy] which would prove inadequate." *Id.*

7

The policy or custom at issue "must play a part in the violation of federal law—a causal connection is required." *Lamb v. Telle,* No. 5:12-CV-00070, 2013 WL 5970422 *3 (W.D. Ky. Nov. 8, 2013) "Considerably more proof than a single incident is necessary to establish both the requisite fault on the part of the municipality, and the casual connection between the policy and the constitutional deprivation." *Id.* (citing *Tuttle*, 471 U.S. at 823 (1985)). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *Tuttle,* 471 U.S. at 823-824 (1985).

Here, Ashby has not provided any evidence about the policy other than his statement in the complaint that such a policy existed. He has not provided evidence that the policy itself is unconstitutional. Without proof that the policy itself is unconstitutional, Ashby must provide evidence that unconstitutional conduct took place on more than one incident. The Court finds that Ashby has only alleged unconstitutional conduct on one occasion. Even if the Court found Defendant's denial of surgery to be unconstitutional—which it does not—that is only one occasion. Therefore, Ashby cannot be successful on this claim and it must be dismissed.

**E.  Sovereign Immunity**

Finally, Defendant argues Ashby's state law claims should be dismissed because Defendant is entitled to sovereign immunity. The Court has previously stated the claims against Defendant must be construed as claims against Fulton County, Kentucky.

The Kentucky Supreme Court has held that a county is a "political subdivision of the Commonwealth" protected by the same sovereign immunity as the state. *Lexington-Fayette Urban Cty. Gov't v. Smolcic*, 142 S.W.3d 128, 132 (Ky. 2004). "[C]ounty immunity…can only be waived by the General Assembly. *Id*. Its waiver cannot be assumed by the courts." *Bd. of Trs. of Ky. Ret.*

*Sys. v. Commonwealth*, 251 S.W.3d 334, 340 (Ky.App.2008). Ashby has not identified a statute where immunity was waived. *See Holbrook v. Perry County,* No. 2003-CA-000119, 2004 WL 1909344 *1 (Ky. Aug. 27, 2004) ("[Plaintiff] has not identified a comparable statute subjecting the county to suits against the jail.") Therefore, Defendant is entitled to sovereign immunity. Ashby cannot sustain a claim against Defendant because immunity has not been waived. Ashby's state law claim must be dismissed.

### IV. Conclusion

Ashby has not provided evidence on the record that presents a genuine issue of material fact. For the above stated reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [DN 49] is **GRANTED.**

A judgment will follow.

**IT IS SO ORDERED.**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 16, 2020

cc: David Lee Ashby, Jr.
    268921
    Wabash Valley Correctional Facility
    P.O. Box 1111
    Carlisle, IN 47838-1111
    PRO SE